THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE ESTATE OF DIEGO LEFEBRE,**

    *Plaintiff*,

vs.                                          Case No.:

**ALEJANDRO N. MAYORKAS, Secretary,**
**U.S. Department of Homeland Security,**

    *Defendant.*
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THE ESTATE OF DIEGO LEFEBRE, ("LeFebre" or "Plaintiff"), by and through the undersigned attorneys, states as follows in this Complaint against Defendant ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security – with its sub-agency Immigration and Customs Enforcement ("ICE"), ("DHS" or "ICE" or "Defendant"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action to secure relief, legal, equitable, injunctive, and punitive, based upon Defendant's discriminatory employment practices in violation of Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. §791 *et seq.*

2. The Rehabilitation Act further applies the statutory standards codified in Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* as amended by the Americans with Disabilities Act of 2008 ("ADAAA").

3.     In violation of the aforementioned statutory schemes, ICE discriminated against LeFebre during his employment because of LeFebre's disability.  Along with being terminated, LeFebre was retaliated against for engaging in statutorily protected activity and subjected to a hostile work environment.  Furthermore, LeFebre was also discriminated and retaliated against for requesting a disability accommodation.

4.     LeFebre requests declaratory and injunctive relief to redress Defendant's discriminatory employment policies, practices, and procedures.  LeFebre further seeks back pay; front pay; compensatory damages; nominal, liquidated and punitive damages; and attorneys' fees and costs.

## PARTIES

5.     The plaintiff in this matter is the Estate of Diego LeFebre, and is administering Mr. Diego LeFebre's estate in Pasco County, Florida.  Mr. Diego LeFebre was a resident of Pasco County at the time of his death on February 7, 2022.  During all relevant times, LeFebre was an "employee" as defined under all relevant statutory schemes.

6.     The Department of Homeland Security is an agency of the United States overseeing Immigration and Customs Enforcement ("ICE").

7.     Alejandro Mayorkas is Secretary of the Department of Homeland Security and is named as a party in his official capacity.

## JURISDICTION AND VENUE

8. Venue is proper in this Judicial Circuit as the actionable events in this action arose in this Judicial District. Venue of this action is proper pursuant to 28 U.S.C. § 1391(b).

9. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331, 29 U.S.C. §791 *et seq.*, 42 U.S.C. § U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12101 *et seq.* under the ADA.

## ADMINISTRATIVE PROCEEDINGS

10. In a formal complaint filed November 11, 2021 with the appropriate administrative agency, LeFebre alleged he was removed from his position as a Deportation Officer.

11. In its administrative complaint LeFebre alleged that Defendant discriminated against him on the basis of disability, and also retaliated against him in violation of federal laws.

12. The Office of Diversity and Civil Rights assigned the following two cases to LeFebre's claims: 1) Agency Case Nos: HS-ICE-00022-2022 (Claims 1-4; harassment, failure to reasonably accommodate, retaliation) and 2) HS-ICE-00665-2022 (Claim 5, termination). A Final Agency Decisions as to Claims 1-4 has been issued.

13. LeFebre filed this lawsuit on February 10, 2023, within 30 days of the date of the Final Agency Decision for his claims assigned to case HS-ICE-00022-2022.

14. LeFebre is awaiting a Final Agency Decision for his claims assigned to the second case HS-ICE-00665-2022.

15. The relevant statutory deadline associated with case HS-ICE-00022-2022 necessitated the filing of the instant case prior to the issuance of the Final Agency Decision for case HS-ICE-00665-2022.

## FACTUAL ALLEGATIONS

16. At all times relevant to this action, LeFebre was employed by ICE as a deportation office.

17. On February 14, 2018, LeFebre, as a Deportation Officer, responded under The Department of Homeland Security active shooter policy to a mass shooting incident at Stone Douglas High School in Parkland, Florida.

18. LeFebre's involvement in the mass shooting resulted in a mental health disability in the form of depression and post-traumatic stress disorder ("PTSD").

19. LeFebre's depression and PTSD substantially limited major life activities, including his thinking, learning, memory, and concentration.

20. LeFebre experienced reoccurring episodes of panic attacks, depression, and anxiety.

21. LeFebre's mental health conditions constituted a disability under the Rehabilitation Act and the ADA.

22. ICE was aware of LeFebre's disability.

23. LeFebre could perform the essential functions of his job with a reasonable accommodation.

24. LeFebre was also subjected to discriminatory adverse employment actions in the form of ongoing harassment, modification of job duties, negative performance reviews, denial of reassignments and promotions, and termination.

25. Mr. LeFebre was also prevented and discouraged from undergoing EAP counseling. On February 15, 2018, LeFebre was threatened by his then Field Office Director (FOD) that he may lose his job and his then FOD would call Internal Affairs if he did not discontinue Employee Assistance Program (EAP) counseling.

26. LeFebre confidential counseling was recorded by his employer, and LeFebre was also instructed to not voluntarily disclose any details.

27. On February 15, 2018, LeFebre was called an offensive name and told he was weak by a supervisor in the presence of his supervisor and co-workers.

28. On May 5, 2018, LeFebre was told he was undeserving of an award presented by ICE and did not deserve to work by a supervisor.

29. On or about June 2018, LeFebre was retaliated against by Garrett Ripa when he was being overlooked for reassignment and employees at a lower grade were being granted reassignments. LeFebre was granted a reassignment but only after an informal complaint was filed with Garrett Ripa. This reassignment was from Miami to Broward County.

30. In September of 2018, LeFebre received a negative FY 2018 performance review from his Officer in Charge.

31. LeFebre was subsequently granted a reassignment to Tampa by Michael Meade due to LeFebre's disability.

32. From September 2019 to August 2021, the Assistant Field Office Director (AFOD), Sean Stephens, constantly pulled LeFebre into his office and asked him questions about his mental health and unnecessarily insisted LeFebre recall events from the day of the Parkland shooting

33. LeFebre engaged in statutorily protected expression by proceeding to complain to field operations director (Michael Meade) and to the union regarding harassment because of his disability.

34. Subsequently, LeFebre was not considered for a Temporary Supervisor position in Tampa, Florida. The supervisor position was formally posted, and the chosen candidate had inferior qualifications then LeFebre.

35. ICE and LeFebre's supervisor Sean Stephens would also not reassign LeFebre to a non-LOE position (mission support specialist) per LeFebre's request.

36. Furthermore, LeFebre was coerced to accept lesser duties where he would lose his pension, overtime benefits, and his "grade".

37. In December 2019, LeFebre replied to an internal solicitation for a Supervisory Detention and Deportation Officer position and was not granted an interview.

38. In March 2020, LeFebre was made aware he was not selected for the positions of (Acting and Fulltime) Supervisory Detention and Deportation Officer advertised under Vacancy Announcement Number: LAG-ERO-10628678-MP-CF.

39. When LeFebre's performance review(s) reflected "average", LeFebre would only be given a standard raise while other agents routinely received an "exceptional" review with a corresponding higher pay increase.

40. In September of 2020, LeFebre received a negative FY 2020 performance review from the Assistant Field Office Director (AFOD).

41. On August 13, 2021, LeFebre was made aware he was being removed from his position as a Deportation Officer by the Field Office Director (FOD).

42. LeFebre was qualified to perform the essential duties of his position as deportation officer.

43. ICE did not engage in any meaningful discussion with LeFebre to accommodate him because of his disability, but denied LeFebre's request for an accommodation(s). ICE further retaliated against LeFebre for requesting an accommodation(s).

**COUNT I**
**DISABILITY DISCRIMINATION – WRONGFUL TERMINATION**
**AND MULTIPLE ADVERSE EMPLOYMENT ACTIONS**

44. LeFebre re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45. ICE violated the rights of LeFebre under the Rehabilitation Act.

46. ICE is an employer subject to the Rehabilitation Act.

47. LeFebre is a qualified individual with actual disabilities, having a record of disabilities, and/or is regarded by ICE has having disabilities – specifically a mental disability in the form of depression and PTSD.

48. LeFebre's mental disability substantially limited one or more major life activities including, but not limited to, concentrating, thinking, learning, memory.

49. LeFebre is a qualified individual with a disability because, with or without reasonable accommodation, he is able to perform the essential functions of his position as "Deportation Officer" at ICE.

50. LeFebre suffered discrimination by being subjected to adverse employment actions in the form of modification of job duties, negative performance reviews, denial of reassignments and promotions.

51. ICE also discriminated against LeFebre on the basis of his disability by terminating his employment on the basis of his disability.

52. At all relevant times, LeFebre's disability was known to ICE when he was discriminated against by ICE.

53. ICE's unlawful actions were motivated by a discriminatory animus regarding LeFebre's record of disabilities, and/or regarded by ICE as having disabilities.

54. ICE's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of LeFebre, entitling LeFebre to punitive damages.

55. LeFebre has suffered damages as a result of ICE's unlawful actions.

**WHEREFORE**, LeFebre respectfully requests that the Court enter judgment in his

favor and award him the following relief:

    A.    An Order declaring that ICE violated his civil rights under the Rehabilitation Act;

    B.    Back pay, front pay, and other benefits lost as a result of LeFebre unlawfully being discriminated against;

    C.    Compensatory and punitive damages in an amount to be determined at trial to compensate him for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment of life, and detrimental impact on his health caused by ICE's unlawful actions;

    D.    The attorneys' fees and costs incurred by him; and

    E.    Such other legal, injunctive, and equitable relief as may be just and appropriate for violations of the Rehabilitation Act, including an award of punitive damages, and injunctive relief requiring ICE to create new policies and procedures to address disability discrimination.

## COUNT II
## DISCRIMINATORY RETALIATION DUE TO OPPOSITION ACTIVITY

56.    LeFebre re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

57.    ICE violated the rights of LeFebre under the Rehabilitation Act.

58.    ICE is an employer subject to the Rehabilitation Act.

59. LeFebre is a qualified individual with actual disabilities, having a record of disabilities, and/or is regarded by ICE has having disabilities – specifically a mental disability in the form of depression and PTSD.

60. LeFebre's mental disability substantially limited one or more major life activities including, but not limited to, concentrating, thinking, learning, memory.

61. LeFebre is a qualified individual with a disability because, with or without reasonable accommodation, he is able to perform the essential functions of his position as "Deportation Officer" at ICE.

62. At all relevant times, LeFebre's disability was known to ICE when he was discriminated against by ICE.

63. LeFebre suffered retaliatory discrimination by being subjected to adverse employment actions in the form of modification of job duties, negative performance reviews, denial of reassignments and promotions for pursuing his rights under the Rehabilitation Act.

64. ICE also discharged LeFebre in retaliation for pursuing his rights under the Rehabilitation Act.

65. A reasonable employee would find ICE's retaliatory act(s) materially adverse, and ICE's actions would also dissuade a reasonable person from making or supporting a charge of discrimination.

66. LeFebre has suffered damages as a result of ICE's unlawful actions.

67. ICE's unlawful actions were motivated by a discriminatory animus regarding LeFebre's record of disabilities, and/or regarded by ICE as having disabilities.

68. ICE's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of LeFebre, entitling LeFebre to punitive damages.

**WHEREFORE**, LeFebre respectfully requests that the Court enter judgment in his favor and award him the following relief:

A. An Order declaring that ICE violated his civil rights under the Rehabilitation Act;

B. Back pay, front pay, and other benefits lost as a result of LeFebre unlawfully being discriminated against;

C. Compensatory and punitive damages in an amount to be determined at trial to compensate him for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment of life, and detrimental impact on his health caused by ICE's unlawful actions;

D. The attorneys' fees and costs incurred by him; and

E. Such other legal, injunctive, and equitable relief as may be just and appropriate for violations of the Rehabilitation Act, including an award of punitive damages, and injunctive relief requiring ICE to create new policies and procedures to address disability discrimination.

## COUNT III
## RETALIATORY HOSTILE WORK ENVIRONMENT

69. LeFebre re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

70. ICE, an employer of LeFebre within the meaning of the Rehabilitation Act, has discriminated against LeFebre in retaliation for complaining about discrimination.

71. LeFebre is a qualified individual with actual disabilities, having a record of disabilities, and/or is regarded by ICE has having disabilities – specifically a mental disability in the form of depression and PTSD.

72. LeFebre's supervisors repeatedly harassed him in retaliation because he openly complained about mistreatment attributable to his disability.

73. LeFebre suffered an adverse employment action in the form of ongoing harassment comprised of modification of job duties, negative performance reviews, denial of reassignments and promotions, and termination for pursuing his rights under the Rehabilitation Act.

74. ICE's discriminatory acts would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

75. ICE's unlawful actions were motivated by a discriminatory animus regarding LeFebre's record of disabilities, and/or regarded by ICE as having disabilities.

76. ICE's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of LeFebre, entitling LeFebre to punitive damages, and other damages as a result of ICE's unlawful actions.

77. By reason of the continuous nature of ICE's discriminatory conduct, which persisted after LeFebre's disability became known to ICE, LeFebre is entitled to the application of the continuing violations doctrine to all violations alleged herein.

**WHEREFORE**, LeFebre respectfully requests that the Court enter judgment in his

favor and award him the following relief:

  A. An Order declaring that ICE violated his civil rights under the Rehabilitation Act;

  B. Back pay, front pay, and other benefits lost as a result of LeFebre unlawfully being discriminated against;

  C. Compensatory and punitive damages in an amount to be determined at trial to compensate him for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment of life, and detrimental impact on his health caused by ICE's unlawful actions;

  D. The attorneys' fees and costs incurred by him; and

  E. Such other legal, injunctive, and equitable relief as may be just and appropriate for violations of the Rehabilitation Act, including an award of punitive damages, and injunctive relief requiring ICE to create new policies and procedures to address disability discrimination.

## COUNT IV
## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

  78. LeFebre re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

  79. ICE violated the rights of LeFebre under the Rehabilitation Act.

  80. ICE is subject to the Rehabilitation Act.

81. LeFebre is a qualified individual with actual disabilities, having a record of disabilities, and/or is regarded by ICE as having disabilities – specifically a mental disability in the form of depression and PTSD.

82. LeFebre's mental disability substantially limited one or more major life activities including, but not limited to, concentrating, thinking, learning, memory.

83. LeFebre is a qualified individual with a disability because, with or without reasonable accommodation, he is able to perform the essential functions of his position as "Deportation Officer" at ICE.

84. At all relevant times, LeFebre's disability was known to ICE when he was discriminated against by ICE.

85. At all relevant times, LeFebre's disability was known to ICE when he was discriminated against by ICE.

86. LeFebre engaged in statutorily protected expression by requesting reassignment, requesting a change of duties, and applying for another position that was tantamount to an accommodation request.

87. ICE had notice that LeFebre's mental disability required an accommodation but refused to accommodate a known disability upon request by LeFebre.

88. ICE's unlawful actions were motivated by a discriminatory animus regarding LeFebre's record of disabilities, and/or regarded by ICE as having disabilities.

89. ICE's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of LeFebre, entitling LeFebre to punitive damages.

90. LeFebre has suffered other damages as a result of ICE's unlawful actions.

**WHEREFORE**, LeFebre respectfully requests that the Court enter judgment in his favor and award him the following relief:

A. An Order declaring that ICE violated his civil rights under the Rehabilitation Act;

B. Back pay, front pay, and other benefits lost as a result of LeFebre unlawfully being discriminated against;

C. Compensatory and punitive damages in an amount to be determined at trial to compensate him for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, loss of enjoyment of life, and detrimental impact on his health caused by the ICE's unlawful actions;

D. The attorneys' fees and costs incurred by him; and

E. Such other legal, injunctive, and equitable relief as may be just and appropriate for violations of the Rehabilitation Act, including an award of punitive damages, and injunctive relief requiring Defendant to create new policies and procedures to address disability-based discrimination.

## COUNT V
## RETALIATION – REQUEST FOR REASONABLE ACCOMMODATION

91. LeFebre re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

92. ICE violated the rights of LeFebre under the Rehabilitation Act.

93. ICE is an employer subject to the Rehabilitation Act.

94. LeFebre is a qualified individual with actual disabilities, having a record of disabilities, and/or is regarded by ICE has having disabilities – specifically a mental disability in the form of depression and PTSD.

95. LeFebre's mental disability substantially limited one or more major life activities including, but not limited to, concentrating, thinking, learning, memory.

96. LeFebre is a qualified individual with a disability because, with or without reasonable accommodation, he is able to perform the essential functions of his position as "Deportation Officer" at ICE.

97. ICE discriminated against LeFebre on the basis of his disability by terminating his employment on the basis of his disability.

98. At all relevant times, LeFebre's disability was known to ICE when he was discriminated against by ICE.

99. LeFebre engaged in statutorily protected expression by requesting reassignment, requesting a change of duties, and applying for another position that was tantamount to an accommodation request.

100. ICE had notice that LeFebre's mental disability required an accommodation.

101. LeFebre suffered retaliatory discrimination by being subjected to adverse employment actions in the form of modification of job duties, negative performance reviews, denial of reassignments and promotions because of LeFebre's request for an accommodation(s).

102. ICE then discharged LeFebre in retaliation because of LeFebre's request for an accommodation(s) pursuant to the Rehabilitation Act.

103. A reasonable employee would find ICE's retaliatory act(s) materially adverse, and ICE's actions would also dissuade a reasonable person from requesting an accommodation.

104. LeFebre has suffered damages as a result of ICE's unlawful actions.

105. ICE's unlawful actions were motivated by a discriminatory animus regarding LeFebre's record of disabilities, and/or regarded by ICE as having disabilities.

106. ICE's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of LeFebre, entitling LeFebre to punitive damages.

**WHEREFORE**, LeFebre respectfully requests that the Court enter judgment in his favor and award him the following relief:

A. An Order declaring that ICE violated his civil rights under the Rehabilitation Act;

B. Back pay, front pay, and other benefits lost as a result of LeFebre unlawfully being discriminated against;

C. Compensatory and punitive damages in an amount to be determined at trial to compensate him for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment of life, and detrimental impact on his health caused by ICE's unlawful actions;

D. The attorneys' fees and costs incurred by him; and

E. Such other legal, injunctive, and equitable relief as may be just and appropriate for violations of the Rehabilitation Act, including an award of punitive damages, and injunctive relief requiring ICE to create new policies and procedures to address disability discrimination.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff LeFebre demands a trial by jury in this action.

Dated: February 10, 2023                     Respectfully submitted,

*/s/ Derek P. Usman*
Derek P. Usman
Florida Bar No. 0120303
Email: derek@usmanfirm.com
**The Usman Law Firm, P.A.**
505 E Jackson Street, Suite 305
Tampa, FL 33602
(813) 377-1197 telephone
*Attorney for Plaintiff*